UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **RICHARD MILLER,** of the Town of Searsport, County of Waldo, State of Maine,<br><br>**Plaintiff,**<br>v.<br><br>**DALE MCCORMICK** in her official capacity as Director and chief executive officer for the Maine State Housing Authority,<br><br>**MAINE STATE HOUSING AUTHORITY,** a public body corporate and politic and instrumentality of the State of Maine, and<br><br>**PENQUIS COMMUNITY ACTION PROGRAM,** a non-profit corporation conducting business in the State of Maine,<br><br>**Defendants** | Civil Action No._____. |

**COMPLAINT**
**DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

**I. INTRODUCTION**

1. Plaintiff seeks declaratory and injunctive relief as a result of Defendants' refusal to follow a decision by an Administrative Hearing Officer deciding that Plaintiff's Section 8 Housing Choice Program voucher should not be terminated. Specifically, Defendants' have ignored the Administrative Hearing Officer's ruling that Plaintiff's voucher should not be terminated, and they have ceased payment of their subsidy for Plaintiff's mortgage.

2. Plaintiff states his cause of action against Defendants pursuant to the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1437f *et. seq.*, and 24 C.F.R. § 982 *et. seq.*

## II.  JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Declaratory relief may be granted pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper under 28 U.S.C. § 1391.

## III.  PARTIES

6. Plaintiff Richard Miller resides in Searsport, Waldo County, Maine, and was a recipient of a Section 8 Housing Choice Voucher Homeownership Program subsidy until it was terminated by Defendants in June 2007.

7. Defendant Maine State Housing Authority (hereinafter "MSHA") is a public body corporate and politic and an instrumentality of the State, established under 30-A M.R.S.A. §4722 *et. seq.*, which promotes housing opportunities for low income people including the Section 8 Housing Choice Voucher Program (hereinafter "Section 8 Housing Voucher Program") and its subsidiary Section 8 Housing Choice Voucher Homeownership Program (hereinafter "Section 8 Homeownership Option").

8. Defendant Dale McCormick is the Director of MSHA and its chief executive officer with ultimate managerial responsibility for its actions.

9. Penquis Community Action Program (hereinafter "Penquis CAP") is a non-profit corporation in the State of Maine and an agent of MSHA administering the Section 8 Housing Voucher Program on behalf of MSHA in Penobscot and Waldo counties.

## IV.  STATUTORY FRAMEWORK

10. The Section 8 Housing Choice Voucher Program, enacted as Section 8 of the United States Housing Act of 1937, is codified at 42 U.S.C. § 1437f.  The United States Department of

Housing and Urban Development (HUD) has promulgated regulations implementing this program at 24 C.F.R. Part 982.

11. The Section 8 Housing Voucher Program is generally designed to help low-income individuals and families by providing rent subsidies that enable them to rent existing units in the private rental housing market.

12. The Section 8 Housing Voucher Program includes a Section 8 Homeownership Option at 42 U.S.C. § 1437f(o)(15).

13. The Section 8 Homeownership Option helps low-income individuals and families become homeowners by providing mortgage subsidies that enable them to purchase a home.

14. Once an individual or a family has been accepted into the Section 8 Housing Voucher Program, they remain eligible for the program unless there are grounds for termination pursuant to 24 C.F.R. §§ 982.552 and 982.553, as modified by 24 C.F.R. § 982.638 for purposes of the Section 8 Homeownership Option.

15. When a Public Housing Authority (hereinafter "PHA") proposes to terminate assistance for a participant, the participant is entitled to written notice and an informal hearing pursuant to 24 C.F.R. § 982.555.

16. The Administrative Hearing Officer must issue a written decision, stating briefly the reasons for the decision pursuant to 24 C.F.R. § 982.555(e)(6).

17. The PHA is bound by the decision of the Administrative Hearing Officer except under the limited exceptions described in 24 C.F.R. § 982.555(f).

18. None of the limited exceptions described in 24 C.F.R. § 982.555(f) are applicable.

19. As the body administering the Section 8 Housing Voucher Program in Maine, MSHA is required by 24 C.F.R. § 982.54 to promulgate, file with HUD, and follow an

administrative plan establishing local policies for the Section 8 Housing Voucher Program, including the Section 8 Homeownership Option, and as a result MSHA has promulgated the Administrative Plan for Section 8 Voucher, Certificate and Moderate Rehab Programs.

## V. STATEMENT OF FACTS

20. Plaintiff Richard Miller is a single disabled individual living in Searsport, Maine.

21. Plaintiff's sole source of income is Social Security Disability of $904 a month.

22. In 2001, Plaintiff applied for and was accepted into the Section 8 Housing Voucher Program in Massachusetts.

23. Plaintiff moved to Maine in July 2005 and applied to transfer or "port" his voucher to Maine, and Penquis CAP, as agent for MSHA, accepted him as a Section 8 Housing Voucher Program participant.

24. Plaintiff subsequently applied through Penquis CAP for participation in the Section 8 Home Ownership Option.

25. In the summer of 2006, Penquis CAP determined that Plaintiff was eligible for the Section 8 Home Ownership Option and placed him on a waiting list for home ownership in a development in Searsport being built for low to moderate income first-time home owners.

26. In October 2006, Plaintiff moved to a home in said development and began receiving a Section 8 Home Ownership Option subsidy towards his mortgage through the U.S. Department of Agriculture (Rural Housing).

27. In December 2006, Penquis CAP notified Plaintiff that his Section 8 Home Ownership Option subsidy would be terminated because he had allegedly committed fraud or other corrupt criminal act by failing to disclose that he was subject to registration in the State sex

offender registry and because he had violated his obligation not to engage in other criminal activity that threatens the health or safety of others by failing to register as a sex offender.

28.     Pursuant to 24 C.F.R. § 982.555, Plaintiff appealed the termination of his subsidy and, after hearing, the Administrative Hearing Officer issued a decision on January 30, 2007, setting aside the agency's decision and determining that Plaintiff's subsidy was not terminated.

29.     On February 9, 2007, Penquis CAP again notified Plaintiff that his benefits under the Section 8 Home Ownership Option would be terminated because he had committed "violent criminal activity, to wit: Child Molestation in the first degree between the dates of July 1, 1995 and March 26, 1996", which was alleged to be a violation of 24 C.F.R.§ §982-551 - 982.553.

30.     Again pursuant to 24 C.F.R. § 982.555, Plaintiff appealed this termination and, after hearing, the Administrative Hearing Officer issued a decision on May 29, 2007, once again setting aside the agency's decision and determining that Plaintiff's subsidy was not terminated.

31.     On June 6, 2007, MSHA, through counsel, notified Plaintiff that in his opinion Defendants were not bound by the January 30 and May 29 decisions because they were contrary to HUD regulations or requirements or otherwise contrary to federal and state law, although no specific grounds were cited.

32.     MSHA ceased making payments on Plaintiff's Section 8 Home Ownership Option subsidy and has not made any payments since May 2007.

33.     Pursuant to 24 C.F.R. §982.555(f), Defendants must abide by the Administrative Hearing Officer's decision unless "the PHA is not required to provide an opportunity for an informal hearing under this section," if the decision "otherwise exceeds the authority of the person conducting the hearing under the PHA hearing procedures," or if the decision is "contrary to HUD regulations or requirements, or otherwise contrary to federal, State, or local law."

34. The Defendants' refusal to honor the decision of the Administrative Hearing Officer, and their termination of the Plaintiff's Section 8 Home Ownership Option benefits, violate his rights pursuant to federal law.

35. Defendants acted under color of state law at all times relevant to this action.

## VI.  CAUSES OF ACTION

### COUNT I

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 - 35 of his Complaint.

37. Defendants' actions in terminating Plaintiff's Section 8 Home Ownership Option benefits despite the hearing officer's ruling in Plaintiff's favor exceeded their statutory authority and violated Plaintiff's rights pursuant to 42 U.S.C. § 1437 *et. seq.* and applicable federal regulations.

38. Defendants are liable to Plaintiff for deprivation of his rights under 42 U.S.C. § 1983.

### COUNT II

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 - 38 of his Complaint.

40. Defendants' actions in refusing to pay Plaintiff's Section 8 Home Ownership Option subsidy despite a ruling that his Section 8 should not be terminated is a violation of Plaintiff's due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

41. Defendants are liable to Plaintiff for deprivation of his rights under 42 U.S.C. § 1983.

## VI.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1.Declare the Defendants violated Plaintiff's rights pursuant to the causes of action set forth above.

2.Issue preliminary and permanent injunctions ordering Defendants to reinstate the Plaintiff to the Section 8 Home Ownership Option and to pay Plaintiff's Section 8 Home Ownership Option benefits effective immediately.

3.Order Defendants to reimburse Plaintiff for the money he spent out of pocket to cover that portion of his mortgage payments that would have been paid by his Section 8 Home Ownership Option subsidy and that Defendant failed and refused to pay.

4.Grant any and all other relief as this Court deems equitable and just.

Respectfully submitted,

Dated: January 28, 2008Plaintiff Richard Miller,
by his attorney,


/s/Judson-Esty-Kendall
Judson Esty-Kendall, Esq.
Pine Tree Legal Assistance, Inc.
61 Main St., Rm. 41
Bangor, ME  04401
(207) 942-8241
jesty-kendall@ptla.org
Bar Number 566
ATTORNEY FOR PLAINTIFF