UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
CASE NUMBER: CV-08-26-B-W

| | |
|---|---|
| RICHARD MILLER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DALE McCORMICK, MAINE STATE )<br>HOUSING AUTHORITY, and )<br>PENQUIS COMMUNITY ACTION )<br>PROGRAM )<br>)<br>Defendants ) | **ANSWER OF DEFENDANTS DALE McCORMICK, MAINE STATE HOUSING AUTHORITY and PENQUIS COMMUNITY ACTION PROGRAM** |

NOW COME Defendants Dale McCormick, Maine State Housing Authority and Penquis Community Action Program (the "Defendants"), by and through their Counsel and answer Plaintiff's Complaint as follows:

1. Paragraph 1 of Plaintiff's Complaint is introductory and therefore does not require a response. To the extent that a response is required however, the Defendants deny the same.

2. Defendants admit the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of Plaintiff's Complaint and, therefore, deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of Plaintiff's Complaint and, therefore, deny the same.

22. Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. As to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendants admit Plaintiff moved to Maine in July 2005 and applied to transfer or "port" his voucher to Maine and Penquis Cap as agent for MaineHousing. However, Defendants deny plaintiff was properly accepted as a participant.

24. Defendants admit the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. As to the allegations contained Paragraph 25 of Plaintiff's Complaint, Defendants admit that based upon the information provided, the Plaintiff appeared to be eligible for the Section 8 Home Ownership Option and placed him on a waiting list for home ownership in a

development in Searsport being built for low to moderate income first-time home owners. Defendants deny that Plaintiff was in fact eligible.

26. Defendants admit the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendants admit the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendants admit the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendants admit the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendants admit the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendants admit the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses:

1) Qualified Immunity

2) Unclean hands

WHEREFORE, Defendants Dale McCormick, Maine State Housing Authority and Penquis Community Action Program hereby respectfully request that the Plaintiff's Complaint be dismissed and that Defendants be awarded their costs in this action.

## COUNTERCLAIM

### COUNT I
(Unjust Enrichment)

1. Counterclaim Plaintiff, Maine State Housing Authority (hereinafter "MaineHousing") is a public body corporate and politic and an instrumentality of the Sate of Maine, established under 30-A M.R.S.A. 4722, which promotes housing opportunities for low income citizens including under the Section 8 Housing Choice Voucher Program (hereinafter "Section 8

Housing Choice Voucher Program") enacted as part of the United States Housing Act of 1937, now contained in 42 U.S.C. 1437f.

2. MaineHousing administers Section 8 Housing Choice Voucher Program including the Section 8 Housing Choice Voucher Homeownership Program (hereinafter "Section 8 Homeownership Option") for the U.S. Department of Housing and Urban Development (HUD) in many parts of the State of Maine.

3. Counterclaim Plaintiff, Penquis Community Action Program (hereinafter "Penquis CAP"), is a non-profit corporation incorporated and in good standing in the State of Maine.

4. Penquis CAP is an agent of MaineHousing administering the Section 8 Housing Choice Voucher Program and Section 8 Homeownership Option in Waldo and Penobscot counties.

5. Counterclaim Defendant Richard Miller is an individual residing in the town of Searsport, County of Waldo, State of Maine.

6. Counterclaim Defendant first entered the Section 8 Housing Choice Voucher Program on October 1, 2002 in Massachusetts.

7. Counterclaim Defendant moved to Maine in 2005 and transferred or ported his Section 8 Voucher to the administrator of the program in that area, Penquis CAP, as agent of MaineHousing.

8. Counterclaim Defendant was issued a Section 8 Voucher from MaineHousing through Penquis Cap.

9. Counterclaim Defendant applied and was selected for a Section 8 Home Ownership Option subsidy whereby he is allowed to use his voucher to pay for a home mortgage. The closing on the home was held on October 25, 2006.

10. Counterclaim Defendant received other grants and assistance in purchasing the home.

11. Counterclaim Defendant plead guilty to committing Child Molestation in the First Degree in Washington State in 1996.

12. As a result of that conviction, Counterclaim Defendant is required to register as a sex offender under Washington law until relieved by a competent court.

13. Counterclaim Defendant is subject to a lifetime registration requirement under the State of Maine sex offender registration program.

14. Prior to his arrest for failure to register as a sex offender on October 24, 2006, Counterclaim Defendant had not complied with the requirements of the Maine sex offender registration program.

15. Individuals subject to lifetime registration requirements as sex offenders are ineligible for entry into the Section 8 Housing Choice Voucher program.

16. Individuals subject to lifetime registration requirements as sex offenders are ineligible for benefits under the Section 8 Housing Choice Voucher program.

17. Had Counterclaim Defendant complied with his statutory obligation to register as a lifetime sex offender in the State of Maine he would not have received Section 8 Housing Choice Voucher program benefits.

18. Counterclaim Defendant received Section 8 Housing Choice Voucher program payments from August 2005-May 2007 from MaineHousing and Penquis Cap in the amount of $8,104.

19. Counterclaim Defendant was unjustly enriched by receiving these payments given the fact that they would not have been made had he complied with his statutory duties to register as a sex offender.

20. Counterclaim Defendant had a knowledge and appreciation of the benefit conferred upon him by MaineHousing.

21.     Counterclaim Defendant has accepted and retained the benefits conferred upon him by MaineHousing under circumstances where it would be inequitable and unjust for him to retain said benefits without repayment.

WHEREFORE Counterclaim Plaintiff demands judgment against Counterclaim Defendant, Richard Miller, for such damages as are reasonable in the premises, plus reasonable attorney's fees, costs and interest, and such other relief deemed just and equitable by this Court.

Dated at Augusta, Maine this 26th day of March, 2008.

>   /s/John S. Bobrowiecki, Jr.
>   Maine State Bar #6778
>   Attorney for Defendants Dale McCormick, Maine
>   State Housing Authority and Penquis Community
>   Action Program
>   Maine State Housing Authority
>   353 Water Street
>   Augusta, Maine  04330-4633
>   (207) 626-4600
>   jbobrowiecki@mainehousing.org